IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSE ANTONIO CAMACHO, Individually, and JOSE ANTONIO CAMACHO and DANIELA TORRES as Surviving Parents and Administrators of the Estate of LEONARDO CAMACHO, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>TEXAS ROADHOUSE HOLDINGS LLC,<br><br>Defendant. | CIVIL ACTION FILE NUMBER:<br>1:20-cv-03931-ELR<br><br>Removed from Gwinnett County State Court – Civil Action File No. 20-C-0551-S4 |

## CONSOLIDATED PRETRIAL ORDER

COMES NOW Plaintiffs, Jose Antonio Camcho, Individually and Jose Antonio Camacho and Daniela Torres as Surviving Parents and Administrators of the Estate of Leonardo Camacho, Deceased ("Plaintiffs"), and Texas Roadhouse Holdings LLC ("Defendant"), and pursuant to LR 16.4B, submit their Proposed Consolidated Pre-Trial Order and show the Court as follows:

1.

There are no motions or other matters pending for consideration by the Court except as noted:

(Rev. 03/01/11)   1

**Defendant**: Defendant plans to file Motions *in Limine* as to evidentiary issues no later than two weeks before trial or by any other deadline that may be set by this Court. Defendant has set forth a number of legal issues in this Pretrial Order and its Attachments, including the exclusivity of the Georgia Dram Shop Act, apportionment to Plaintiffs and/or Katie Pancione, and a listing of its anticipated evidentiary Motions *in Limine*.

During the course of preparing this Consolidated Pretrial Order, Plaintiffs disclosed numerous previously undisclosed expert witnesses and fact witnesses. Defendant objects to Plaintiffs calling these previously undisclosed experts and fact witnesses at trial.

**Plaintiffs:** Plaintiff has no other motions or other matters pending for consideration by the Court except that they may file Motions *in Limine* no later than two weeks before trial or by any other deadline that may be set by this Court.

As for the "previously undisclosed expert witnesses," those are mostly the ones disclosed by Defendant in a sort of catch all disclosure and should not cause any surprise or delay. As for the fact witnesses, they are either friends and family on damages and can be deposed if Defendant would like to depose them, or they are people identified in depositions albeit not disclosed and not

yet supplemented in written discovery- but the Parties were present at the depositions.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Defendant: During the course of preparing this Consolidated Pretrial Order, Plaintiffs disclosed numerous previously undisclosed expert witnesses and fact witnesses. Defendant objects to Plaintiffs calling these previously undisclosed experts and fact witnesses at trial.**

**If Plaintiffs are permitted to call these undisclosed experts and fact witnesses, Defendant must be provided significant time to take discovery on them and the opportunity to seek exclusion of the yet to be disclosed opinions. Thus, the parties are not currently ready for trial.**

**Plaintiffs disclosed two expert witnesses Myleen C. Hallaran and Elizabeth Edge for the first time on February 7, 2025. These experts were not listed in Plaintiffs Expert Disclosures submitted January 21, 2022 and February 13, 2024. Based on internet research and a comment from Plaintiffs' Counsel, these expert witnesses may be therapists/counselors. Given these experts have never been disclosed to Defendant in discovery or in expert**

(Rev. 03/01/11)                                    3

**disclosures, Defendant has not had the opportunity obtain these witnesses' files and records related to Plaintiffs, evaluate these witnesses' purported opinions, review their qualifications or methodology, examine the basis for their purported opinions, or depose them. These witnesses should not be allowed to testify at the trial of this matter. If they are allowed to testify, Defendant ask for four or five months to allow Plaintiffs to make a proper expert disclosure that complies with the Rules of Civil Procedure and the Orders of this Court, allow Defendants to subpoena these witnesses' files and records related to the Plaintiffs, and depose them. Defendant will also one to two months to file Daubert Motions for these yet undisclosed opinions.**

**Plaintiffs also list fifteen police officers as possible expert witnesses. These experts were not listed in Plaintiffs Expert Disclosures submitted January 21, 2022 and February 13, 2024. These witnesses should not be allowed to testify to opinions at the trial of this matter. If they are allowed to testify to opinions, Plaintiffs should make a proper expert disclosure that complies with the Rules of Civil Procedure and the Orders of this Court. This will allow Defendant to determine if they need to depose these witnesses.**

**Plaintiffs also list numerous treating physicians of Plaintiffs and Katie Pancione as possible expert witnesses. These experts were not listed in Plaintiffs Expert Disclosures submitted January 21, 2022 and February 13,**

2024. These witnesses should not be allowed to testify to opinions at the trial of this matter. If they are allowed to testify to opinions, Plaintiffs should make a proper expert disclosure that complies with the Rules of Civil Procedure and the Orders of this Court. This will allow Defendant to determine if they need to depose these witnesses.

Plaintiffs list nine family and friend witnesses in their Witness List disclosed February 7, 2025. Plaintiffs had not previously disclosed these fact witnesses. Plaintiffs' Counsel indicates they are damage witnesses. That is the extent of Plaintiffs' disclosure about these witnesses. Defendant objects to these late-disclosed witnesses testifying. If they are allowed to testify, Plaintiffs should disclose them fully in discovery responses including a summary of their knowledge and expected testimony. Defendant should also have two to three months to depose these witnesses.

Plaintiffs list Kathy Shaul as a fact witness in their Witness List disclosed February 7, 2025. Plaintiffs had not previously disclosed this fact witness. Plaintiffs' Counsel indicates she worked with Katie Pancione at a yoga studio. That is the extent of Plaintiffs' disclosure about these witnesses. Defendant objects to these late-disclosed witness testifying. If she is allowed to testify, Plaintiffs should disclose her fully in discovery responses including a summary of her knowledge and expected testimony. Defendant should also be able to

depose her.

Plaintiffs list Rose Smith and Matt Runion as fact witnesses in their Witness List disclosed February 7, 2025. Plaintiffs had not previously disclosed these fact witnesses. Plaintiffs' Counsel indicates they work for the Forsyth County D.A. and are a Victim Advocate and Investigator. That is the extent of Plaintiffs' disclosure about these witnesses. Defendant objects to these late-disclosed witnesses testifying. If they are allowed to testify, Plaintiffs should disclose them fully in discovery responses including a summary of their knowledge and expected testimony. Defendant should also have a month to depose these witnesses.

Plaintiffs list four friends of Katie Pancione as fact witnesses in their Witness List disclosed February 7, 2025. Plaintiffs had not previously disclosed these fact witnesses. Defendant objects to these late-disclosed witnesses testifying. If they are allowed to testify, Plaintiffs should disclose them fully in discovery responses including a summary of their knowledge and expected testimony. Defendant should also have a month to depose these witnesses.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**Defendant**: Defendant states that the defendant shown in the caption is a proper party as Texas Roadhouse Holdings LLC is the owner and operator of the subject Texas Roadhouse restaurant. However, Texas Roadhouse Holdings LLC is not the employer of the workers at the subject Texas Roadhouse restaurant. Texas Roadhouse Management Corporation is the employer. Plaintiffs have known this since at least January 12, 2024 when Defendant produced bartender Sierra "Cheyenne" Lee Phillips' personnel file. This personnel file references Texas Roadhouse Management Corporation as Ms. Phillips' employer over 100 times in documents TXRH 0242 – 0276, TXRH 0294 – 0372, and TXRH 0425 – 0426. Despite having this information for over a year, Plaintiffs have chosen (for whatever reason) not to file suit against the employer of the restaurant workers.

No additional discovery is required regarding this topic. This should be addressed as an evidentiary issue at trial. To that end, Defendant will be filing a Motion *in Limine* on this topic as described in Attachment "H-2."

**Plaintiff**: On January 22, 2025, Defendant Texas Roadhouse Holdings LLC., identified in supplemental discovery responses and disclosures, Texas Roadhouse Management Corporation, as the employer of the employees of the subject Texas Roadhouse. Plaintiffs contend this is a wholly owned subsidiary of Defendant and that the same insurance covers both entities and

(Rev. 03/01/11)                                              7

**Defendant and its insurers would be responsible for any verdict. Based on that understanding and, in an effort, to avoid any unnecessary confusion or delay, Plaintiffs do not think any addition at this point is appropriate and further Plaintiffs object to any effort on behalf of the Defendant to attempt to shift blame or responsibility from the Defendant to the recently disclosed entity ("empty chair", "not our employee," to be addressed more fully in Plaintiffs' Motion *in Limine*).**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**Jurisdiction and venue are proper. The Court has jurisdiction over this action pursuant to Section 1332 of Title 28 of the United States Codes because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

>   **Brian D. Rogers
>   Georgia State Bar Number 612105
>   4355 Cobb Parkway
>   Suite J-564
>   Atlanta, Georgia 30339**

>**404-216-5978**
>**buck@buckrogerslaw.com**
>
>**J. Antonio DelCampo**
>**Dax Lopez**
>**DelCampo Grayson Lopez**
>**1555 Mt. Vernon Rd.**
>**Atlanta, GA  30338**
>**tony@dglattorneys.com**
>**rgrayson@dglattorneys.com**
>**dax@dglattorneys.com**

Defendant:

>**Jeremiah A. Byrne**
>**Frost Brown Todd LLP**
>**400 West Market Street**
>**Suite 3200**
>**Louisville, Kentucky 40202**
>**jbyrne@fbtlaw.com**

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**None.**

7.

The captioned case shall be tried (__**X**__) **to a jury** or (____) to the court without a jury, or (____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The trial should not be bifurcated.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.
Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.
Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.
The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

**Defendant objects to Plaintiffs' proposed voir dire questions: 3 and 36.**

State any objections to defendant's voir dire questions:

**Plaintiffs object to Defendant's proposed voir dire question 12 as inappropriate to ask the jury panel what evidence it needs to find for the Defendant. The parties will present the evidence that is appropriate and available, but this**

**question is asking the jury "what can we do for you to find in our favor?" Then whatever responses the panel gives, Defendant can attempt to conform their proof to those responses. The parties' obligation to provide their evidence should not be in response to a solicitation from the panel of what "they need to see?"**

State any objections to the voir dire questions of the other parties, if any:

**Not applicable.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**The Parties do not request any additional strikes.**

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

- *State of Georgia v. Katie Pancione*, **Forsyth Superior Court, Case No. 20CR-047603 – Resolved via Plea Agreement wherein Katie Pancione pled guilty to Vehicular Homicide predicated by Reckless Driving, Serious Injury by Vehicle predicated by Reckless Driving, and two counts of Hit and Run. The State of Georgia then dismissed** *nolle prosequi* **charges of DUI, Vehicular Homicide predicated by DUI, Serious Injury by Vehicle predicated by DUI.**

- *Jose Antonio Camacho, Individually, and Jose Antonio Camacho and Daniella Torres, as Surviving Parents and Administrators of the Estate of Leonardo Camacho, Deceased v. Katie Pancione*, **Fulton County State Court, Case No. 20EV003706 – Resolved via Settlement of $2.6M paid to Plaintiffs.**

- *Jose Antonio Camacho, Individually, and Jose Antonio Camacho and Daniella Torres, as Surviving Parents and Administrators of the Estate of Leonardo Camacho, Deceased v. Texas Roadhouse Holdings LLC and Sierra Cheyenne Phillips a/k/a Cheyenne Lee*, **Case No. 23-C-08336-S4 – Dismissed.**

- **Plaintiffs are asserting claims against Barbara Melka, Robert Melka, and George Morris but they have not yet filed a lawsuit.**

- **Plaintiffs note that none of the above are "pending related litigation" and further contend the characterization of plea agreement will be subject to the Parties' respective Motions *in Limine* and respectfully ask the Court to conform that description to the jury consistent with the ruling on said motions, as opposed to how described above (if different).**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision

authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**Alleged violation of the Georgia Dram Shop Act, O.C.G.A. § 51-1-40, causation, and damages.**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.
All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary

and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Defendant:**

**Dr. Victor Sung Video Deposition:**

    **p. 8, line 2 – p. 14, line 7**

    **p. 16, line 20 - p. 17, line 13**

    **p. 18, lines 1-15**

      **p. 19, line 9 – p. 21, line 21**

      **p. 28, line 13 – p. 34, line 17**

      **p. 35, line 11 – p. 37, line 6**

      **p. 37, line 16 – p. 40, line 5**

      **p. 41, lines 4-10**

      **p. 43, lines 11-22**

      **p. 44, lines 17-21**

      **p. 45, line 7 – p. 46, line 2**

      **p. 47, line 4 – p. 48, line 8**

      **p. 48, line 17 – p. 49, line 3**

      **p. 49, line 15 – p. 50, line 6**

      **p. 50, line 18 – p. 57, line 15**

      **p. 58, line 12 – p. 68, line 6**

      **p. 69, line 10 – p. 71, line 4**

      **Defendant objects to the following portion of Dr. Sung's deposition and will file a written objection: p. 46, line 3 - p. 47, line 3.**

      **Defendant objects to the following portion of Dr. Raut's deposition and will file a written objection: p. 12, line 20 – p. 13, line 21.**

**<u>Plaintiffs:</u>**

**Dr. Victor Sung Video Deposition:**

      **P. 9, line 9- P. 14, line 7**

      **P. 16, line 22- P. 21- line 21**

      **P. 27, line 16- P. 34, line 17**

      **P. 35, line 11- P. 46, line 3**

  **P. 46, line 3- P. 47, line 3**

  **P. 47, line 4- P. 68, line 6**

  **P. 69, line 10- P. 72, line 2**

**Dr. Sourenda Raut Video Deposition:**

  **P. 8, line 4- P. 18, line 19**

  **P. 20, line 9- P. 20, line 14**

**Designations for depositions for several providers not yet taken will be submitted upon completion of the transcripts as the Court directs to include:**

  **Dr. Scott**

  **Dr. Sawvell**

  **Dr. Hanes**

  **Dr. DeAlmedia**

  **Therapist Myleen Hallerman**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on January 3, 2025 to discuss in good faith the possibility of settlement of this case. The court (____) has or (**X**) has not discussed settlement of this case with counsel. It appears at this time that there is:

(____) A good possibility of settlement.
(____) Some possibility of settlement.
(**X**) Little possibility of settlement.
(____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require **4** days to present its evidence. The defendant estimates that it will require **3** days to present its evidence. The other parties estimate that it will require __ days to present their evidence. It is estimated that the total trial time is **7** days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (**X**) submitted by stipulation of the parties or (____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

| | |
|---|---|
| */s/ Brian D. Rogers (with permission)* | */s/ Jeremiah A. Byrne* |
| Counsel for Plaintiffs | Counsel for Defendant |