# ATTACHMENT "D"

# DEFENDANT TEXAS ROADHOUSE HOLDINGS LLC'S STATEMENT OF THE CASE

Plaintiffs filed this case alleging that on June 16, 2020, at approximately 6:37 p.m., Katie Pancione was operating a motor vehicle on Kelly Mill Road in Cumming, Georgia, when she struck Jose Camacho and his thirteen-year-old son Leonardo Camacho while they were doing yardwork. Jose Camacho and Leonardo Camacho were injured because of the collision, and Leonardo eventually passed away because of his injuries.

Plaintiffs further contend Defendant is liable under the Georgia Dram Shop Act, O.C.G.A. § 51-1-40. Georgia law restricts the liability of alcohol providers, like Defendant, by declaring that the consumption of alcohol beverages, is the proximate cause of any injury inflicted by an intoxicated person. *See* O.C.G.A. § 51-1-40(a). There are only two exceptions to this limitation of liability.

The first exception applies to serving underaged drinkers. *See* O.C.G.A. § 51-1-40(b). This exception has no application to this civil action.

The second exception provides that liability may only be imposed upon alcohol providers, like Defendant, if they "knowingly sell[], furnish[], or serve[] alcoholic beverages to a person who is in a state of **noticeable intoxication**, knowing that such person will soon be driving a motor vehicle." O.C.G.A. § 51-1-40(b) (emphasis added). Thus, to recover against Defendant in this case, Plaintiffs must

first establish that Defendant knowingly sold alcohol to Katie Pancione while she was in a state of noticeable intoxication. Furthermore, Plaintiffs must then show Defendant knew Katie Pancione would soon be driving a motor vehicle. Plaintiffs cannot establish either because Katie Pancione was not in a state of noticeable intoxication at the time of service by Defendant, and Defendant did not know she was about to drive.

If, however, Plaintiffs establish both of these elements, Plaintiffs must still establish that Defendant's service of one pint of Michelob Ultra beer to Katie Pancione was the proximate cause of the accident. *See* O.C.G.A. § 51-1-40(b). Plaintiffs cannot establish Defendant's service of one light beer caused the accident.

The Georgia Dram Shop Act, O.C.G.A. § 51-1-40, provides Plaintiffs' exclusive remedy against Defendant. Indeed, Plaintiffs cannot also maintain a general negligence claim against Defendant. *See Hulsey*, 249 Ga. App. 474 (2001); *Kappa Sigma Int'l Fraternity v. Tootle*, 221 Ga. App. 890 (1996).

Defendant also has defenses to Plaintiffs' claimed damages for Plaintiff Jose Camacho's lost wages claim, Plaintiff Estate of Leonardo Camacho's destruction of power to earn claim, and Plaintiff Estate of Leonardo Camacho's conscious pain and suffering claim because Plaintiffs have failed to proffer any evidence of same. Indeed, Plaintiffs have proffered no evidence, expert testimony, or expert opinion on any of these damage categories.